JUSTICE STEELE, dissenting: I respectfully dissent. As the majority correctly notes, the issue before the court is whether Rauschenberger is a qualified primary voter of the party for which he is seeking nomination under section 8 — 8 of the Election Code (10 ILCS 5/8 — 8 (West 2006)) in light of Cullerton v. Du Page County Officers Electoral Board, 384 Ill. App. 3d 989 (2008). Our review is de novo. Cullerton, 384 Ill. App. 3d at 994. I believe the circumstances presented in the instant case should yield the same result as in Cullerton. The primary goal for a court interpreting a statute is to give effect to the intention of the legislature. Boaden v. Department of Law Enforcement, 171 Ill. 2d 230, 237 (1996); Cullerton, 384 Ill. App. 3d at 995. As the Cullerton court found, and I agree, because the statute no longer contains a definition for the phrase “qualified primary voter,” we must resort to the plain language to determine the meaning of the phrase. Cullerton, 384 Ill. App. 3d at 996. Necessarily then, “the plain and ordinary meaning of the requirement that a candidate be a qualified primary voter of the party for which he seeks a nomination mandates, if nothing else, that the candidate have been eligible to vote in the primary for that party in the most recent primary election preceding the candidate’s filing the statement of candidacy.” Cullerton, 384 Ill. App. 3d at 996. Such a meaning is not unduly restrictive, and as the majority also notes, restrictions on candidates’ party-switching have not been held unconstitutional. See Sperling v. County Officers Electoral Board, 57 Ill. 2d 81, 84-85 (1974). In the case at bar, Kane County voting records indicate that Rauschenberger voted as a Democrat in the 2009 primary election. Later that same year, he sought nomination as a Republican for the 2010 primary election and filed a “Statement of Candidacy” in which he claimed to be a qualified primary voter of the Republican Party. Consistent with Kusper v. Pontikes, 414 U.S. 51, 38 L. Ed. 2d 260, 94 S. Ct. 303 (1973), and Cullerton, he can switch his party allegiance in the next primary, which is February 2010. See Cullerton, 384 Ill. App. 3d at 996. Until that time, however, Rauschenberger is locked in as a Democratic primary voter. Accordingly, I would reverse the decision of the Board and remove Rauschenberger’s name from the ballot.